UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-27-TS |
| | ) | |
| KEITH COOPER | ) | |

**ORDER**

This matter is before the Court on a Motion to Suppress [DE 17], filed by the Defendant on June 9, 2005. The government filed its response on July 12, 2005.

**BACKGROUND**

The Defendant has been charged in this matter under a two count indictment. Count one charges him with possessing with the intent to distribute less than five hundred grams of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count two charges the Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Both crimes allegedly took place on February 11, 2005, at 7323 Thoroughbred Drive, Apt. 1D, Fort Wayne, IN, 46804 ("the apartment").

The Defendant's Motion to Suppress argues that the police illegally searched the apartment, detained him, searched him, and seized evidence from his person and his brother's apartment. The Defendant challenges the affidavit submitted in support of the search warrant under *Franks v. Delaware*, 438 U.S. 154 (1978). He challenges the search warrant itself as being overly broad, and moments later claims that the officers who executed the same search warrant exceeded its scope.

The Defendant also challenges the validity of the written consent he gave on three "Consent to Search Property" documents. Each of these documents explains the Defendant's rights and

contains the Defendant's signature affirming that he understands his rights and that he waives his rights to a warrantless search. The three waivers concerned a 1998 Buick, a 2004 Porsche, and a garage at 342 Thoroughbred Drive. Finally, the Defendant challenges the validity of the written consent he gave to being interrogated by law enforcement at the apartment without an attorney.

**LEGAL STANDARD FOR A HEARING ON A MOTION TO SUPPRESS**

A district court is required to conduct an evidentiary hearing on a motion for suppression "only if evidence on an issue of fact is necessary to the decision of the motion." *Matter of Searches and Seizures Conducted on October 2, and 3, 1980*, 665 F.2d 775, 776 (7th Cir. 1981). The defendant requesting a suppression hearing bears the burden of demonstrating that there are disputed material facts. *United States v. Torres*, 191 F.3d 799, 811 (7th Cir. 1999). A defendant who fails to provide "'definite, specific, detailed, and nonconjectural' facts that demonstrate a disputed issue of material fact" is not entitled to a hearing. *United States v. Segal*, 299 F. Supp. 2d 856, 860 (N.D. Ill. 2004) (quoting *Torres*, 191 F.3d at 811).

Given the great deference that is afforded a judge's determination of probable cause, a defendant is limited in the challenges he can make to the validity of a search warrant. The reviewing court does not conduct a *de novo* review, but only determines whether there is substantial evidence in the record supporting the judge's decision to issue the warrant. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984).

> When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit. Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime.

*United States v. Peck*, 317 F.3d 754, 755–56 (7th Cir. 2003) (citations omitted). The Fourth

Amendment requires only that the judge had before him a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 237 (1983).

## LEGAL STANDARD FOR A *FRANKS* HEARING

When the veracity of the affidavit is challenged, a defendant may be entitled to an evidentiary hearing if he meets certain requirements outlined in *Franks v. Delaware*, 438 U.S. 154 (1978):

> To mandate an evidentiary hearing . . . [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Id*. at 171–72.[1] In addition, the Defendant must show that the incorrect statement was material, that is, was necessary for a finding of probable cause to issue the warrant. *United States v. McAllister*, 18 F.3d 1412, 1416 (7th Cir. 1994). Finally, search warrant affidavits are presumed to be valid. *See Franks*, 438 U.S. at 171.

## ANALYSIS

The Defendant's Motion to Suppress and the accompanying Memorandum contain mostly legal conclusions and broad, general assertions of fact. The Defendant's submissions do not articulate the "definite, specific, detailed, and nonconjectural facts" that would entitle him to a

---

[1] "A Franks hearing affords a defendant the opportunity to show, by a preponderance of the evidence, that the warrant affidavit contained perjury or a reckless disregard for the truth. If the defendant meets this burden, the court will set aside that 'false material' contained in the warrant affidavit, and if probable cause cannot be established from the valid and truthful portion of the affidavit, the entire search is deemed to be invalid and the ensuing search is void." *United States v. McDonald*, 723 F.2d 1288, 1292 (7th Cir.1983).

hearing on his Motion to Suppress.

Neither has the Defendant pled sufficiently to be entitled to a *Franks* hearing. He merely states in his Motion that the affidavit was "false and misleading." His Memorandum asserts, "It is clear that the law enforcement officers . . . misrepresented material facts in their affidavit. . . ." The Court disagrees. The only moment the Defendant approaches a definite statement about the affidavit is when he claims that it does not indicate whether the complaining party, Ms. Williams, was reliable. Ms. Williams told the 911 operator that the Defendant, who was at 7323 Thoroughbred Drive, Apt 1D, had brandished a handgun and said he was going to kill her and another woman. It is not clear from the Defendant's submissions how reliable he believes a call must be before the police can respond and walk up to a residence; it appears that the police did not even knock on the front door before the Defendant opened the door and appeared with his pit bull. What is clear is that the Defendant has not made "allegations of deliberate falsehood or of reckless disregard for the truth . . . accompanied by an offer of proof" and therefore is not entitled to a *Franks* hearing to challenge the affidavit.

## CONCLUSION

For the reasons stated, the Defendant's Motion to Suppress [DE 17] is DENIED WITHOUT PREJUDICE. The Defendant is GRANTED ten days in which to file another motion to suppress that meets the standards articulated in this order. If the Defendant opts to file another motion to suppress, the government is GRANTED ten days from the date that motion is filed in which to file a response.

SO ORDERED on August 16, 2005.

  S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT