UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CR-27 TLS |
| | ) | |
| KEITH COOPER | ) | |

**ORDER AND OPINION**

**BACKGROUND**

The Defendant has been charged in this matter under a two count indictment. Count one charges him with possessing with the intent to distribute less than five hundred grams of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count two charges the Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Both crimes allegedly took place on February 11, 2005, at 7323 Thoroughbred Drive, Apt. 1D, Fort Wayne, IN, 46804 ("the apartment"). That evening, the police responded to a 911 call alleging that someone at the address had threatened the caller with a gun. The officers talked to the 911 caller, Ms. Williams. The officers were walking up to the apartment to investigate when the Defendant opened the door and asked what they wanted. The officers told the Defendant they were there regarding Ms. Williams's complaints. The Defendant asked the officers to hang on, and went back into the apartment apparently to put the dog away. After they heard arguing, the officers entered the apartment and told the Defendant to stop. They saw marijuana in plain view. The officers then made a protective sweep of the apartment and sought a search warrant. The Defendant later

signed forms consenting to the officers' search of two cars and a garage at the apartment.

The Defendant's first motion to suppress was denied without prejudice for failing to articulate specific facts entitling him to a suppression hearing or a *Franks* hearing. The Defendant then filed this motion to suppress on September 6, 2005. The Government's Response was filed September 19, 2005.

## DISCUSSION

The Defendant argues that all evidence obtained by the police in the encounter was unconstitutionally obtained and must be suppressed. The Defendant argues that the police illegally entered and searched the apartment without a warrant and that there were no exigent circumstances to justify the entry, that the Defendant's written consent to the police search was not voluntary, and that the warrant was not based on probable cause. The Defendant also seeks a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because he alleges that the search warrant affidavit contains statements made with reckless disregard for the truth. The Government denies all of the Defendant's claims and argues that he does not have Fourth Amendment standing to challenge the evidence obtained at the apartment.

**A.     Probable Cause to Issue the Search Warrant**

**(1)    *Standard for Reviewing the Validity of a Search Warrant***

Given the great deference that is afforded a judge's determination of probable cause, a defendant is limited in the challenges he can make to the validity of a search warrant. The reviewing court does not conduct a *de novo* review, but only determines whether there is substantial evidence

in the record supporting the judge's decision to issue the warrant. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984).

> When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit. Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime.

*United States v. Peck*, 317 F.3d 754, 755–56 (7th Cir. 2003) (citations omitted). The Fourth Amendment requires only that the judge had before him a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

**(2)**   *Analysis*

Here, the only evidence presented to the judge who issued the search warrant was the affidavit of Detective Brian Gore. The Defendant attacks the affidavit as insufficient to establish probable cause. He argues that the 911 caller, Ms. Williams, who claimed that she had been threatened with a gun at the apartment lacks credibility and that her statements are insufficient to support a Search Warrant.

However, the affidavit contained much more information than just Ms. Williams' statements. The Affidavit stated that Gore had been told by Officer Gasvoda that: Gasvoda had been dispatched to the apartment in reference to an armed party; Gasvoda spoke to the complaining party, Ms. Williams, who told Gasvoda that a woman at the apartment had threatened her while brandishing a handgun; Gasvoda went to the apartment and was met by the Defendant who went back into the house with his pit-bull; Gasvoda entered the apartment because he heard arguing and because of the possibility of a weapon being present; Gasvoda smelled raw marijuana and saw a bag of green, leafy

3

substance on an end table and another on the kitchen counter; Gasvoda recognized the substance as marijuana; and Gasvoda and the other officers then made a protective sweep of the apartment and secured the apartment to obtain a search warrant. Gore's affidavit also stated that Gasvoda had the training and experience to recognize marijuana. (Def.'s Ex. D. Search Warrant Aff., Feb. 11, 2005.)

The Search Warrant Affidavit in this case was supported by probable cause even though the search warrant affidavit gives little information as to Ms. Williams' credibility. The baggies of marijuana found by the officers are evidence of a criminal violation, and that implies there might be other such evidence present. That, combined with the arguing heard by the officers at the apartment and Ms. Williams' claim that she was threatened there by a woman with a gun, would give a reasonable person a substantial basis for concluding that evidence of crime would be found at the apartment.

The Defendant seems to think that because he has attacked the officers' entry into the apartment as unlawful, the affidavit's reference to Gasvoda's discovery of the marijuana does not count. This is incorrect. A court's review of a judge's probable cause determination for a search warrant is based on the information the judge had before him, not on that information minus any challenged evidence. Whether the search was unlawful and whether the search warrant is fruit of that unlawful search are separate questions from whether the search warrant is supported by probable cause. Because Gore's affidavit provides sufficient evidence for a reasonable person to conclude that a search of the apartment would produce evidence of crime, the search warrant was supported by probable cause.

**B.     *Franks* Hearing**

*1.     Standard for Granting a* **Franks** *Hearing*

Search warrant affidavits are presumed to be valid. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). The Supreme Court in *Franks* held that a hearing to determine the veracity of a search warrant affidavit is required if the defendant can show: "(1) the warrant affidavit contained false information; (2) the false information was included in the affidavit intentionally or with reckless disregard for the truth; and (3) that the misrepresentations were necessary to the determination of probable cause to issue the warrant." *United States v. Whitley*, 249 F.3d 614, 620 (7th Cir. 2001) (citing *Franks*, 438 U.S. at 155–56). The Defendant's allegations should "point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171. "Allegations of negligence or innocent mistake are insufficient." *Id.*

*2.     Analysis*

The Defendant claims that three statements in the affidavit were recklessly included despite their falsity: Detective Gore's statement that it was within his personal knowledge that a woman at the apartment brandished a handgun while making threats, Gore's statement that the Defendant left the door partially open when leaving the doorway after speaking to the police, and Gore's statement that the officers performed a protective sweep of the apartment after seeing marijuana there.

To show that an officer had a reckless disregard for the truth when making a statement in an affidavit for a search warrant, the Defendant must show "that the officers entertained serious doubts

as to the truth of their statements, had obvious reasons to doubt the accuracy of the information reported, or failed to inform the judicial officer of facts they knew would negate probable cause." *Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003); *see also Whitley*, 249 F.3d at 621. Under this standard, the Defendant has not shown any of the statements in the affidavit to be made with a reckless disregard for the truth.

Contrary to the Defendant's assertion, Gore did not claim that the woman's actions at the apartment were within his personal knowledge. He stated that it was in his personal knowledge that Officer Gasvoda told him that the 911 caller, Ms. Williams, had told Officer Gasvoda that a woman at the apartment was brandishing a gun and making threats. There is no evidence that the affidavit statement is false. The Defendant has offered nothing to show that Gore lied about what Gasvoda told him or that Gasvoda lied about his conversation with Ms. Williams. The Defendant argues that the statement is hearsay within hearsay and disputes what Ms. Williams told the officers. Defendant's argument goes to Ms. Williams' credibility when determining probable cause but does nothing to challenge the veracity of the officer's statements in the affidavit.

The Defendant has also failed to show that the second contested statement was made with a reckless disregard for the truth. Gore stated in his affidavit that Gasvoda told him that the Defendant went back into the apartment leaving the door partially open. The Defendant claims he closed the door. Even if the Defendant's account is correct, there is no evidence that Gasvoda's statement was more than negligent. The Defendant says that Gasvoda admits that the Defendant's account is correct in Gasvoda's Affidavit for Probable Cause. This is simply untrue. Gasvoda states in his Affidavit that the Defendant left the door open four inches. (Def.'s Ex. B, Aff. for Probable Cause, February 11, 2005.) The Defendant has failed to carry his burden in showing that Gasvoda's

6

statement was made with reckless disregard for the truth. At any rate, whether the door was open or closed is immaterial. With a complaint that a threat was made by an armed party and the officers' discovery of marijuana, probable cause to search existed whether the door was open or not.

The last statement challenged by the Defendant is not false. Gore stated that the officers found marijuana at the apartment. The Defendant's argument that the statement "falsely implies that the officers were in a place in which they had a right to be," (Def. Mem. of Law in Supp. of Def.'s Am. Mot. to Suppress Evidence 14–15), makes little sense when he must show that the affidavit has false statements made with reckless disregard for the truth. There is no evidence that Gore, Gasvoda, or anybody else lied about finding marijuana at the apartment.

Because the Defendant has no evidence that any statement in the search warrant affidavit was false and made with a reckless disregard for the truth, there is no reason to hold a *Franks* hearing.

**C.     Suppression Hearing**

*1.     Standard for Granting a Suppression Hearing*

A district court is required to conduct an evidentiary hearing on a motion for suppression "only if evidence on an issue of fact is necessary to the decision of the motion." *Matter of Searches and Seizures Conducted on October 2, and 3, 1980*, 665 F.2d 775, 776 (7th Cir. 1981). The defendant requesting a suppression hearing bears the burden of demonstrating that there are disputed material facts. *United States v. Torres*, 191 F.3d 799, 811 (7th Cir. 1999). A defendant who fails to provide "'definite, specific, detailed, and nonconjectural' facts that demonstrate a disputed issue of material fact" is not entitled to a hearing. *United States v. Segal*, 299 F. Supp. 2d 856, 860 (N.D. Ill. 2004) (quoting *Torres*, 191 F.3d at 811).

*2. Analysis*

The Defendant makes two final arguments for the suppression of evidence obtained at the apartment. First, that the officers entered the apartment in violation of the Fourth Amendment and that there were no exigent circumstances to allow the entry. Second, that the Defendant's waiver of rights and written consent to search a garage and two cars at the apartment was not voluntary, and thus the subsequent searches of the garage and cars violated the Fourth Amendment.

Both challenges involve disputes of issues of fact. The facts surrounding the officers entry into the apartment and the Defendant's consent are essential to determining whether the Defendant's Fourth Amendment Rights were violated.

Also, the Government challenges the Fourth Amendment standing of the Defendant. No evidence as to the Defendant's standing has been presented and so that issue must be addressed at the hearing as well.

**CONCLUSION**

The Court affirms the Allen County judge's determination that the search warrant affidavit presented by Detective Gore contained probable cause to issue a search warrant for the apartment. The Defendant's motion for a *Franks* hearing is DENIED. A suppression hearing for the presentation of evidence on the issues of Fourth Amendment Standing, the constitutionality of the officers' entry into the apartment, and the voluntariness of the Defendant's written consent to search the garage and two cars is SET for Tuesday, December 6, 2005 at 1:30 PM before Judge Theresa

8

L. Springmann.

SO ORDERED on October 4, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT